UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————X

| | |
|---|---|
| MELANIE RAYDO,<br>DANIEL LANG,<br><br>                                      Plaintiffs,<br><br>     - against -<br><br>THE CITY OF NEW YORK,<br>NEW YORK CITY POLICE OFFICER ERIC RODRIGUEZ;<br>NEW YORK CITY POLICE OFFICER JOHN DOE #1 and<br>NEW YORK CITY POLICE OFFICERS JOHN AND JANE<br>DOES #2-#10, individually and in their official capacities,<br>(the names"John Doe" and "Jane Doe" being fictitious<br>as their complete names and/or identities are<br>currently unknown,<br><br>                                      Defendants. | 18 CV 10919 (DLC)<br><br>**DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION AND SEEKING LEAVE TO AMEND** |

——————————————————————X

Moira Meltzer-Cohen, pursuant to 28 U.S.C. § 1746, and subject to penalty of perjury, declares the following is true and correct:

1. I am one of the attorneys for the Plaintiffs, Melanie (Milo) Raydo and Daniel (Rosza) Lang/Levitsky. As such, I am fully familiar with the facts and circumstances of this action. This declaration is submitted to put forth certain facts and documents before this Court in support of Plaintiffs' Motion for Reconsideration and for leave to amend the complaint.

2. I am a criminal defense attorney and have particular competence in representing transgender and gender nonconforming persons.

3. Civil litigation, and in particular §1983 civil rights, is not my area of practice and I am acutely aware of my extremely limited capacity in this regard.

4. When approached to take on this case, I agreed, but sought mentorship.

5. Very shortly after arranging for a more experienced civil lawyer to assist me in learning federal civil practice, I moved to North Dakota and practiced criminal defense in support of the Standing Rock Sioux and those who joined them to protect against the construction of an oil pipeline that threatened sacred ancestral lands as well as drinking water for much of the region. I remained there for nearly two full years.

6. In my estimation, my mentor misunderstood the degree to which I required mentorship, as opposed to supervision, and he may have assumed I had knowledge, information, and expertise that I in fact lacked. I misunderstood the degree to which he expected to shepherd me through the case.

7. I returned full time to New York City very near to the three year statute of limitations and we filed a complaint in the matter before you.

8. I was aware at that time that we did not have the true names of all the John Doe officers but believed that this case would follow the typical course of §1983 litigation, and that a deadline to amend the complaint would be set in a discovery schedule, enabling me to determine their names and liabilities, and substitute them in, were the case not to settle prior to trial.

9. On information and belief, the City knows and has long known the true names of Doe defendants.

10. The city disclosed, without context or information, the names of two NYPD Officers, in their May 2019 premeditation disclosures. It remains unknown to plaintiffs whether these officers are or should be named as Doe defendants.

11.     Counsel believed that such information would be discovered in the normal course of discovery, and feared making premature or inappropriately aggressive motions for more information.

12.     On July 17, 2019, parties participated in mediation. Though the parties failed to reach a settlement, the Mediator suggested that the Plaintiffs should allow depositions, which Defendants could review to make a more informed settlement offer. Plaintiffs consented.

13.     Thus, immediately after the mediation, the parties scheduled Plaintiffs' depositions on consent, at least as I understood it, in an effort to move settlement discussions forward in good faith and provide the City with a clearer understanding of Plaintiffs' claims.

14.     To the best of my knowledge at the time, and my reading of the §1983 plan, there was no time at which I was allowed to notice depositions prior to the pretrial conference that was cancelled as a result of the city's motion for summary judgment.

15.     On the eve of the pretrial conference during which a discovery schedule was to have been set, the City moved for summary judgment. A discovery schedule was therefore never created.

15.     We are in process of soliciting experienced counsel to substitute into this case, as it has become clear that I have neither the capacity nor the expertise to litigate effectively, nor do I even have sufficient expertise in civil litigation to timely recognize issues that require research or action.

                    Respectfully Submitted,

DATED: June 2, 2020

                                                    _____
                                                    Moira Meltzer-Cohen, Esq.
                                                    277 Broadway, Suite 1501
                                                       New York, NY 10007
                                                            Ph: 347-248-6771
                                                   meltzercohen@gmail.com