```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
MELANIE RAYDO and DANIEL LANG,        :
                                      :
                        Plaintiffs,   :   18cv10919 (DLC)
                                      :
              -v-                     :   OPINION AND ORDER
                                      :
THE CITY OF NEW YORK, NEW YORK CITY   :
POLICE OFFICER ERIC RODRIGUEZ         :
individually and in his official      :
capacity, NEW YORK CITY POLICE OFFICER:
JOHN DOE #1, individually and in his  :
official capacity, and NEW YORK CITY  :
POLICE OFFICERS JOHN AND JANE DOES #2-:
#10, individually and in their official:
capacities,                           :
                                      :
                        Defendants.   :
                                      :
------------------------------------- X
```

APPEARANCES

For the plaintiffs:
Moira Meltzer-Cohen
277 Broadway, Suite 1501
New York, NY 10007

Geoffrey St. Andrew Stewart
139 Fulton Street, Suite 508
New York, NY 10038

Remy Green
Cohen & Green
1639 Centre Street
Suite 216
Ridgewood, NY 11385

For the defendants:
Kaitlin Elizabeth Fitzgibbon
MaryBeth Catherine Allen
New York City Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

This case was dismissed on May 20, 2020, when the defendants' motion for summary judgment was granted. See Raydo v. City of New York, 2020 WL 2571040, at *1 (S.D.N.Y. May 20, 2020) (the "May Opinion"). On June 3, plaintiffs moved for leave to amend the complaint to add New York City police officers Joseph Vincent and James Shouldis as defendants or in the alternative to "reinstate" discovery to confirm that Vincent and Shouldis should be named as defendants. Familiarity with the May Opinion is assumed and it is incorporated by reference. For the following reasons, the June 3 motion is denied.

## Background

On November 25, 2015, the two plaintiffs were arrested by Officers Vincent and Shouldis. Officer Eric Rodriguez, who was named as a defendant in the original complaint, first met the plaintiffs when they were brought to the precinct station house. Officer Rodriguez executed the arrest paperwork and was listed as the arresting officer on the arrest reports. The charges against the plaintiffs were dismissed after the District Attorney's office declined to prosecute either plaintiff.

Almost three years later, on November 21, 2018, the plaintiffs filed this § 1983 action. At the time of filing, the

2

plaintiffs were represented by attorney Geoffrey St. Andrew Stewart, who signed the complaint.  The complaint named Rodriguez, the City of New York and John Doe police officers as defendants.  Moira Meltzer-Cohen filed a notice of appearance on behalf of the plaintiffs on April 18, 2019.

Section 1983 actions like this one are governed by this district's Local Civil Rule 83.10 ("Rule"), and the Clerk of Court reminded the plaintiffs of the Rule when the case was filed.  The City provided the names of Officers Vincent and Shouldis to the plaintiffs.  The Rule allows a plaintiff to amend a complaint to name additional defendants without seeking permission from the court so long as the amendment is filed within six weeks after the first defendant files its answer. The plaintiffs did not file an amended pleading to add Vincent and Shouldis as defendants at that time or seek leave to do so at any time before they filed this post-judgment motion.[1]

The mediation required by the Rule was held on July 19, 2019 and was unsuccessful.  Pursuant to the Rule, the parties were free at that point to complete discovery.  The defendants deposed the plaintiffs on August 6 and 8.  Ms. Meltzer-Cohen principally represented the plaintiffs at their depositions,

---

[1] In opposition to the defendants' motion for summary judgment, plaintiffs indicated that they intended to seek leave to amend but did not request leave or submit an amended pleading.

3

although Mr. Stewart participated in one of the depositions.  At no point did the plaintiffs seek to depose Rodriguez or anyone else.

An Order of April 25, 2019 had scheduled a conference with the Court for October 25.  At the October 25th conference, Mr. Stewart represented the plaintiffs.  The parties described the case to the Court and discussed a schedule for the remainder of the case.  At no time during that conference did the plaintiffs seek leave to amend the complaint.  The defendants indicated that they intended to move for summary judgment.  At the conference, a schedule was set for that motion to be filed roughly six weeks following the conference.  At no time during the conference did the plaintiffs ask for additional time to complete discovery before the date set for the filing of the defendants' summary judgment motion.

The defendants filed the motion for summary judgment on December 6, 2019.  The notice of motion sought summary judgment on all claims.  In their opposition to the motion for summary judgment, the plaintiffs sought discovery to develop evidence to support their claim against the City of New York, brought pursuant to Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) (the "Monell Claim").  They also sought discovery to ascertain the identities of the John Doe officers

4

who arrested them and to determine whether Rodriguez was personally involved in their arrest.  The May Opinion granted the defendants' motion.  May Opinion, 2020 WL 2571040, at *1.  The Court declined to exercise supplemental jurisdiction over the state law claim for negligent hiring.  Id. at *7-8.  The Clerk of Court entered judgment on May 21, 2020.

On June 3, the plaintiffs filed the instant motion for leave to amend their complaint.  The motion became fully submitted on August 20.

### Discussion

Before addressing the merits of the plaintiffs' motion it is necessary to identify the legal standard that should be applied to the motion.  The plaintiffs' notice of motion seeks leave to amend their complaint to add the names of two more defendants, the officers who took them into custody.[2]  Their memorandum in support of their motion, however, seeks relief pursuant to Rules 60(b) and 54(b) of the Federal Rules of Civil Procedure.  Plaintiffs also state in their memorandum that they "move for reconsideration to prevent manifest injustice."  That is the legal standard for reconsideration under Rule 59(e), Fed. R. Civ. P.

---

[2] Plaintiffs' brief in support of this motion also sought to add an additional cause of action for evidence fabrication.  In their reply brief, they have withdrawn that request.

Because judgment has been entered, Rule 54(b) does not govern this application.  See <u>Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP</u>, 322 F.3d 147, 167 (2d Cir. 2003).  Accordingly, this motion will be construed as a request for vacatur of the May 21 final judgment under Rules 59(e) and 60(b), Fed. R. Civ. P.

"[A] party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)."  <u>Metzler Inv. Gmbh</u>, 970 F.3d 133, 142 (2d Cir. 2020) (citation omitted) ("<u>Metzler</u>").  Indeed, "[i]t would be contradictory to entertain a motion to amend the complaint without a valid basis to vacate the previously entered judgment."  <u>Id.</u>  "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation."  <u>Id.</u>

Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  The standard for granting a motion for reconsideration under Rule 59(e) is "strict."  <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  A court may grant a Rule 59(e) motion "only when the movant identifies 'an

6

intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Metzler, 970 F.3d at 142. (quoting Fed. R. Civ. P. 59(e)) (citation omitted).  It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52 (citation omitted).  The decision to grant or deny the motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Rule 60(b) provides relief from a judgment on the following grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiffs do not appear to argue that clauses (1)-(5) are relevant.[3]  Insofar as the plaintiffs assert that reconsideration is warranted to prevent a "manifest injustice," they seem to invoke Rule 60(b)(6), "a catch-all provision that is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule."  Metzler, 970 F.3d at 142 (citation omitted).

Plaintiffs' motion must be denied, whether assessed under Rule 60(b)(6) or Rule 59(e).  There has been no manifest injustice and there are no extraordinary circumstances justifying the vacatur of the judgment.

Plaintiffs had ample opportunity to amend their complaint during the pendency of the action to add the names of the two officers who placed them into custody.  The City had given them the names of those two officers before the mediation took place.

---

[3] Had plaintiffs sought vacatur of the judgment for their counsel's mistakes under Rule 60(b)(1), that argument would have failed.  The Second Circuit Court of Appeals "has consistently declined to relieve a client under subsection (1) of the burdens of a final judgment entered against [them] due to the mistake or omission of [their] attorney by reason of the latter's ignorance of the law or other rules of the court."  Samuels v. N. Telecom, Inc., 942 F.2d 834, 837 n.2 (2d Cir. 1991).

The plaintiffs did not act then or seek at any time before confronted with the summary judgment motion to amend the complaint. They have failed to show that they acted with sufficient diligence to vacate the judgment and amend the complaint.

The plaintiffs ask that their lack of diligence be excused. Their request, however, rests entirely on a false assertion. They contend that their failure to act promptly should be excused because of the Court's error. They contend that the Court did not hold any conference in this case before the defendants filed their motion for summary judgment.[4]

The plaintiffs are in error. On April 25, 2019, shortly after the defendants answered the complaint, the Court issued an order scheduling a conference for October 25. With this advance notice of the conference date, the parties were in a position to plan ahead in the event the case was not resolved during the mediation process mandated by the Rule.

Mr. Stewart represented the plaintiffs at the October 25 conference. The Court discussed with counsel what remained to be done to complete discovery and to prepare the case for trial.

---

[4] The plaintiffs' assertion in this motion that there was no conference is surprising since one of the plaintiffs' lawyers attended the conference, the conference is reflected in the docket sheet and in various court orders, and it is discussed in the May Opinion. See May Opinion, 2020 WL 2571040, at *2.

Defense counsel explained that the defendants intended to file a motion for summary judgment.  Mr. Stewart made no request at the conference (or after it) to amend the complaint or to extend the period for discovery beyond the date set for the filing of the summary judgment motion.

Nor is there any reason to vacate the May 21 judgment to take discovery to confirm that Vincent and Shouldis were the officers who placed the plaintiffs in custody.  The defendants have never disputed that fact.  Indeed, that is why defense counsel disclosed their names to plaintiffs.  Moreover, plaintiffs had the opportunity to inquire of defense counsel if there was any confusion about the roles of the disclosed officers and to pursue the discovery they now request to confirm the identities.

In addition to being in error about the existence of the Rule 16 conference on October 25, plaintiffs' counsel is also laboring under a misunderstanding of the Rule.[5]  She explains in her declaration that, "[t]o the best of my knowledge at the

---

[5] Plaintiffs' counsel provided a declaration with her motion. Local Civil Rule 6.3 provides that in connection with motions for reconsideration, "[n]o affidavits shall be filed by any party unless directed by the Court."  Plaintiffs' counsel did not seek permission to file her declaration.  Also without prior approval, plaintiffs' counsel submitted a second declaration with the reply memorandum.

time, and my reading of the §1983 plan, there was no time at which I was allowed to notice depositions prior to the pretrial conference that was cancelled as a result of the city's motion for summary judgment."[6]  As the Rule makes clear, however, the stay of discovery (beyond that required by the Rule) ends with the unsuccessful mediation.  It provides: "Unless otherwise ordered, the discovery stay shall expire at the conclusion of the mediation or settlement conference."  And, of course, the plaintiffs could have made a request at the October 25 conference for even more time for discovery before the commencement of summary judgment practice but did not.  In any event, the fact that counsel misunderstood the import of the Rule does not constitute manifest injustice under Rule 59(e) or provide a reason to vacate the judgment under Rule 60(b).  Gomez v. City of New York, 805 F.3d 419, 423 (2d Cir. 2015) ("[C]ourts are generally reluctant to recognize attorney error as a basis

---

[6] As already explained, the October 25 conference was not cancelled.

11

for relief from an order or judgment.").

## Conclusion

Plaintiffs' June 3 motion is denied.

Dated: New York, New York
October 6, 2020

                                                 DENISE COTE
                                  United States District Judge