```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
 MELANIE RAYDO and DANIEL LANG,          :
                                         :
                         Plaintiffs,     :       18cv10919 (DLC)
                                         :
             -v-                         :       MEMORANDUM
                                         :       OPINION AND
 THE CITY OF NEW YORK, NEW YORK CITY     :          ORDER
 POLICE OFFICER ERIC RODRIGUEZ,          :
 individually and in his official        :
 capacity, NEW YORK CITY POLICE OFFICER  :
 JOHN DOES #1, individually and in his   :
 official capacity, and NEW YORK CITY    :
 POLICE OFFICERS JOHN AND JANE DOES #2-  :
 #10, individually and in their          :
 official capacities,                    :
                                         :
                         Defendants.     :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiffs:
Moira Meltzer-Cohen
277 Broadway, Suite 1501
New York, NY 10007

For defendants:
MaryBeth Allen
New York City Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

On December 14, 2020, defendants applied to recover $1,041.80 in litigation costs from the plaintiffs, pursuant to Rule 54(d)(1), Fed. R. Civ. P.  For the following reasons, the defendants' application is denied.

**Background**

The relevant facts and procedural history of this § 1983 action are largely set out in the Opinion granting the defendants' motion for summary judgment. Raydo v. City of New York, No. 18cv10919 (DLC), 2020 WL 2571040 (S.D.N.Y. May 20, 2020). Familiarity with that Opinion is assumed. Judgment was issued on May 21, 2020.

On October 6, the plaintiffs' motion for reconsideration was denied. Id., 2020 WL 5913527 (S.D.N.Y. Oct. 6, 2020). The plaintiffs then filed a notice of appeal to the United States Court of Appeals for the Second Circuit on October 27. The Second Circuit granted the plaintiffs' motion to withdraw their appeal and issued its mandate on November 12.

The defendants then applied for costs on December 14. In their submission, the defendants seek $1,021.80 for deposition transcripts and $20.00 in docket fees pursuant to 28 U.S.C. § 1923. The plaintiffs opposed the defendants' application in a submission dated December 28, which included an attorney declaration regarding the health and financial condition of the plaintiffs. On December 29, the plaintiffs were ordered to provide to defendants any information that the defendants sought to confirm the representations made in the declaration of plaintiffs' counsel, and the defendants were ordered to make any further submission in support of their application for costs by

January 21, 2021.  This Court received no further submission from the defendants, and the application became ripe for review on January 21.

## Discussion

Under the Federal Rules of Civil Procedure, "costs . . . should be allowed to the prevailing party."  Fed R. Civ. P. 54(d)(1).  While "an award [of costs] against the losing party is the normal rule obtaining in civil litigation, not an exception," Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001), Rule 54 "permits a court to refuse to impose costs on the losing party at all."  Wilder v. GL Bus Lines, 258 F.3d 126, 129 (2d Cir. 2001).  "[T]he losing party has the burden to show that costs should not be imposed."  Whitfield, 241 F.3d at 270.  "[D]enial of costs may be appropriate where," inter alia, "a losing party can demonstrate . . . its own limited financial resources."  Moore v. County of Delaware, 586 F.3d 219, 221 (2d Cir. 2009).  Ultimately, a district court has "equitable discretion in awarding or denying costs."  Id.

The plaintiffs do not dispute that the defendants were the prevailing party in this action.  In this case, however, the plaintiffs have satisfied their burden of showing that costs should not be imposed.  In plaintiffs' attorney declaration in opposition to the defendants' application for costs, which is

3

uncontroverted by the defendants, plaintiffs' counsel avers that both plaintiffs have recently undergone significant surgeries requiring prolonged periods of recovery.  Further, both plaintiffs are severely limited in their ability to seek paid employment due to the effects of their medical conditions and the COVID-19 pandemic.  Given the plaintiffs' limited financial resources, an award of costs would be inequitable.

## Conclusion

The defendants' December 14, 2020 application for costs is denied.

Dated:    New York, New York
          February 25, 2021

                                         _____
                                         DENISE COTE
                                         United States District Judge